UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

NOAH PHILLPOTTS,

                           Plaintiff,

                    -against-

CITY OF NEW YORK; School Safety Agent
MARIA BRAVO, Shield No. 6286; Police Officer
FRANCK EMMANUEL; School Safety Agent
MICHAEL HINDS; School Safety Agent JOSEPH
TORRES; School Safety Agent SARA ODWIN;
School Safety Agent DEVEEKA SUSANKAR;
School Safety Agent WILLIAM RANDOLPH;
School Safety Agent SALVATORE MONTANA;
Sergeant IVAN ACEVEDO; Police Officer
VINCENT DIBENEDETTO; School Safety Agent
LASHARTA FOSKEY; and JOHN and JANE
DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                        Defendants.

------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 6795 (JBW) (JO)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the

United States, and Section 14-151 of the Administrative Code of the City of New York.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.     Plaintiff demands a trial by jury in this action.

<u>PARTIES</u>

7.     Plaintiff Noah Phillpotts is a resident of the State of Massachusetts.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Agent Maria Bravo, Shield No. 6286 ("Bravo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bravo is sued in her individual and official capacity.

10.     Defendants Police Officer Franck Emmanuel; School Safety Agent Michael Hinds; School Safety Agent Joseph Torres; School Safety Agent Sara Odwin; School Safety Agent Deveeka Susankar; School Safety Agent William Randolph; School Safety Agent Salvatore Montana; Sergeant Ivan Acevedo; Police Officer Vincent Dibenedetto; and School Safety Agent Lasharta Foskey, at all times relevant herein, were officers, employees and agents of the NYPD. These defendants are sued in their individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.    On March 26, 2015, Noah Phillpotts was a senior at Park Slope Collegiate High School located at 237 7th Avenue in Brooklyn, New York.

15.    Middle and High School students at Park Slope Collegiate, approximately 80% of whom are black or Hispanic, enter their school building through metal detectors, and the building is patrolled by a large force of uniformed NYPD School Safety Agents.

16.    The officers at Park Slope Collegiate routinely issue summonses and arrest students for minor misbehaviors that once would have been dealt with by the principal, a nationwide phenomenon. *See* Eckholm, Erik, *With Police in Schools, More Children in Court*, NEW YORK TIMES, Page A1, April 12, 2013.

17.    Such police-driven policies have not made the school safer and are strongly opposed by both the principal and the PTA at Park Slope Collegiate.

18.    For the previous few weeks, Noah had used a pin to hold together his broken eyeglasses until he could have them repaired or replaced.

19.    The pin did not pose a safety hazard and it was being used, with the knowledge and approval of school administrators, merely to hold the eyeglasses

together temporarily.

20.     At approximately 9:00 a.m., as Noah made his way through security on his way to class, a defendant School Safety officer stopped him and attempted to confiscate his eyeglasses.

21.     When Noah objected, defendant School Safety Agents grabbed him, slammed him violently to the ground, pinned him there and handcuffed him.

22.     The defendant officers lacked arguable probable cause to arrest Noah and used excessive force against him.

23.     The unidentified defendants kept Noah in handcuffs, in full view of many of his classmates, until defendant Emmanuel eventually issued him a summons for Disorderly Conduct.

24.     Noah then met with the school's principal, Jill Bloomberg, before proceeding to class.

25.     In the hope of having the summons voided or withdrawn, Principal Bloomberg, whose staff had witnessed the events, then invited Noah back to her office and asked him to write a statement.

26.     As Noah was writing, different police officers, believed to be defendants Acevedo, Dibenedetto and Emmanuel, forced their way into the principal's office and violently grabbed Noah, slamming his head into a desk and pulling his arms behind

his back.

27.    Without notifying his parents and ignoring the pleas of Principal Bloomberg, the officers handcuffed Noah and took him to a room on another floor, where Noah listened to the officers discuss what false charges they could lodge against him.

28.    The officers kept Noah handcuffed in the room alone with them for approximately half an hour until Ms. Bloomberg was finally able to secure his release.

29.    The officers unceremoniously removed the handcuffs and Noah was permitted to return to class.

30.    The officers lacked arguable probable cause to arrest or detain Noah and had no basis to use force against him.

31.    After lunch, Noah was again summoned to Ms. Bloomberg's office, where he and his father attended a meeting with Ms. Bloomberg, New York City Department of Education Security Director Mark Rampersant and Ramon Garcia, an Assistant Commissioner of the NYPD.

32.    The officials apologized for what had happened to Noah and assured him and his father, in the presence of Ms. Bloomberg, that Noah would not be required to appear on the summons that he had been issued earlier that day.

33.    In fact, the summons was filed and Noah's attorney appeared on his

behalf on June 16, 2015 at which time the summons was dismissed.

34.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

35.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

36.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

37.     Upon information and belief, defendants took law enforcement action with regard to Mr. Phillpotts based solely on his actual and/or perceived color and/or race.

38.     Mr. Phillpotts suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

<u>SECOND CLAIM</u>
False Arrest

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>THIRD CLAIM</u>
State Law False Imprisonment and False Arrest

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

47.     Plaintiff was conscious of his confinement.

48.     Plaintiff did not consent to his confinement.

49.     Plaintiff's confinement was not otherwise privileged.

50.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

51.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

57.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

58.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

<u>SIXTH CLAIM</u>
<u>Denial of Constitutional Right to Fair Trial</u>

59.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.    The individual defendants created false evidence against plaintiff.

61.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

62.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

-10-

63.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse of Process

64.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.     The individual defendants issued legal process to place plaintiff under arrest.

66.     The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

67.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

68.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring/Training/Retention

69.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

71.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

72.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

73.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

74.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure to Intervene

75.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Bias-Based Profiling

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. In initiating law enforcement action against Mr. Phillpotts based on his actual and/or perceived race and/or color rather than Mr. Phillpotts behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

81. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## ELEVENTH CLAIM
### *Monell*

82.     Defendant City of New York, through its NYPD School Safety Division, directly caused the Constitutional violations set forth herein.

83.     As described herein, defendant City, through its police department, has had and still has a policy and practice of criminalizing minor student disobedience at the City's Public Schools that results in the handcuffing and arrest of students in violation of their constitutional rights.

84.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here, and that similar issues plague the school system Citywide, and has failed to change its policy.

85.     This policy and practice was the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:      April 27, 2016
            New York, New York


                        HARVIS & FETT LLP

                        _____
                        Gabriel Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@civilrights.nyc

                        *Attorneys for plaintiff*

-15-